IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARTIN GERADO MORADO,<br>　　　　　　Plaintiff, | §<br>§<br>§<br>§ |
| v. | §　　No. EP-15-CV-385-ATB<br>§<br>§ |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br>　　　　　　Defendant. | §<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

### I.　PROCEDURAL HISTORY

On May 31, 2013, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of March 1, 2012. (R. 152, 158). His applications were denied initially and denied upon reconsideration. (R. 97, 107). Plaintiff filed a request for a hearing, which was held on May 20,

2015.  (R. 26-53, 111).  The Administrative Law Judge ("ALJ") issued a decision on July 16, 2015, denying benefits.  (R. 11-19).  Subsequently, the Appeals Council ("AC") denied review.  (R. 1-3).  In reaching that decision, the AC considered newly submitted evidence from Plaintiff's treating physician, Dr. Shahnaz Habib.  (R. 2).

## II.   ISSUE

Plaintiff presents the following issue for review:

> 1.   Whether the AC's failure to consider new and material evidence submitted on appeal warrants remand.  (Pl.'s Br. 2, ECF No. 21).

Plaintiff contends that the AC failed to properly consider new and material evidence submitted on appeal when denying review of the ALJ's decision.  (*Id*. at 3-8).  Specifically, Plaintiff argues that a Physician Statement from Dr. Habib, dated August 27, 2015,[1] was new and material and that the AC summarily rejected that evidence because it was dated after the ALJ's decision.  (*Id*.)  Plaintiff further argues that the AC violated the Hearings, Appeals and Litigation Law Manual ("HALLEX") by failing to provide any explanation as to why the Physician Statement was not considered and why the Physician Statement did not justify granting the request for review.  (*Id*. at 4-5).  Plaintiff maintains that, although the Physician Statement is dated after the ALJ's decision, it was still material because the medical evidence addresses conditions that existed at the time of Plaintiff's onset date.  (*Id*. at 5).  Plaintiff further maintains that the Physician Statement contains disabling limitations, which, if properly evaluated by the AC, would have demonstrated that Plaintiff should have been found disabled.  (*Id*. at 7).  As a result, Plaintiff argues that the Physician Statement would have likely changed the outcome of

---

[1] Attached as Exhibit 1 to Plaintiff's Brief are the following documents: 1) "Request for Review of Hearing Decision/Order"; 2) Plaintiff's brief to the AC; 3) the Physician Statement from Dr. Habib; and 4) a treatment record from Dr. Habib, dated August 27, 2015. (*See* Ex. 1, ECF No. 21-1). While it appears to the Court that Plaintiff argues that the AC failed to consider the Physician Statement, the Court has reviewed the entire exhibit, including the treatment record from Dr. Habib.

the ALJ's decision. (*Id*. at 7-8). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 8).

## III.   DISCUSSION

### A.   Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of "no substantial evidence" will be made "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo,* or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

### B.   Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's

impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

In the present case, the ALJ found that Plaintiff had the following severe impairments: back disorder, obesity, and depression. (R. 13). The ALJ also found that Plaintiff had the following non-severe impairments: gastritis/duodenitis, diverticulosis, a liver disorder, hypertension, benign prostatic hypertrophy, and gastroesophageal reflux disease (GERD). (R. 14). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 14). In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 12.04, Affective Disorders. (R. 14-15; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1). After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform the following range of light work[2]:

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

> lifting/carrying 20 pounds occasionally and 10 pounds frequently; standing/walking 6 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; understanding, remembering, and carrying out detailed (but not complex) instructions; and is able to make decisions, attend and concentrate for at least 2 hours at a time, respond appropriately to supervisors/coworkers, and adjust to changes in the work setting.

(R. 15). The ALJ then determined that Plaintiff was able to perform his past relevant work as a security guard. (R. 18). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 18-19).

### C.   The ALJ's Determination of Plaintiff's RFC

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because the AC failed to properly consider additional evidence submitted for the first time on review. (Pl.'s Br. 3-8, ECF No. 21). Plaintiff further contends that, had the AC considered the additional evidence, Plaintiff would have been found disabled. (*Id.* at 5-8).

RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

D.   **The AC's Decision**

In denying Plaintiff's request for review, the AC considered additional evidence submitted for the first time on appeal. (R. 2). The AC considered the additional evidence but determined that the new information did not provide a basis for changing the ALJ's decision. (R. 2). The AC reasoned that because the evidence was dated August 27, 2015, and the ALJ's decision was dated July 16, 2015, the additional evidence concerned a later time period. (R. 2). The AC concluded that because the additional evidence concerned a later period, it did not affect whether Plaintiff was disabled through the date of the ALJ's decision. (R. 2).

E.   **Analysis**

Plaintiff contends that the Commissioner's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 2, ECF No. 21). Plaintiff argues that the AC's failure to consider new and material evidence submitted on appeal, specifically, a Physician Statement from Dr. Habib, dated August 27, 2015, requires remand. (*Id*. at 3). Although Plaintiff acknowledges that the "Notice of Appeals Council Action" form indicates that the AC reviewed the additional evidence provided by Plaintiff's counsel, Plaintiff argues that the AC summarily found that the information was dated after the ALJ's decision and, therefore, that the additional evidence did not affect the disability decision. (*Id*. at 3-4). Specifically, Plaintiff

contends that the AC failed to consider whether the evidence was material. (*Id.* at 4). Plaintiff further contends that the AC violated HALLEX by failing to provide any explanation as to why the Physician Statement was not considered and why the Physician Statement did not justify granting the request for review. (*Id.* at 4-5). Plaintiff maintains that, consistent with Fifth Circuit precedent, the Physician Statement addresses medical conditions that existed at the time of Plaintiff's onset date. (*Id.* at 5, citing *Latham v. Shalala*, 36 F.3d 482, 483-84 (5th Cir. 1994); *Ripley v. Chater*, 67 F.3d 552, 555-56 (5th Cir. 1995)). Plaintiff submits that the Physician Statement limits Plaintiff as follows: sitting and standing for two hours; pushing/pulling for one hour; walking and climbing stairs/ladders for thirty minutes or less; kneeling/squatting, bending/stooping, and keyboarding for fifteen minutes. (*Id.* at 5-6, citing Ex. 1, ECF No. 21-1). Plaintiff claims that the ALJ "essentially ignored Dr. Habib's previous medical opinion regarding such physical limitations." (*Id.* at 6, citing R. 16-18). Plaintiff further claims that the AC failed to properly consider the Physician Statement, which contradicts the ALJ's findings regarding Plaintiff's ability to work. (*Id.*) Plaintiff maintains that, had the AC properly considered the Physician Statement along with the remainder of the record, Plaintiff would have likely been found to be disabled. (*Id.* at 7). As a result, Plaintiff argues that the Physician Statement would have likely changed the outcome of the ALJ's decision and, therefore, that the AC's error was prejudicial. (*Id.* at 8).

      The Commissioner responds by arguing that the AC properly considered Plaintiff's additional evidence, dated August 27, 2015, because the relevant time period in this case is from March 1, 2012, to July 16, 2015, and the additional evidence does not "explicitly relate to the time period before August 27, 2015." (Def.'s Br. 4-6, ECF No. 23). The Commissioner further argues that the August 27, 2015 treatment record submitted in conjunction with the Physician

Statement contained no physical examination and indicated that the only reason for Plaintiff's visit was for Dr. Habib to "fill out [Plaintiff's] forms." (*Id.* at 5). The Commissioner maintains that the AC's "Notice of Appeals Council Action" form indicates that the AC considered the evidence submitted. (*Id.* at 6). The Commissioner contends that the Physician Statement did not make the ALJ's decision contrary to the weight of the record evidence as a whole and that it was "practically identical to three other opinion documents in the record before the ALJ." (*Id.* at 6, citing R. 306-07, 356). The Commissioner further contends that the ALJ properly discounted Dr. Habib's opinion because it was not supported by the objective medical evidence. (*Id.* at 6-7, citing R. 17-18). The Commissioner also argues that the Physician Statement was not material because there is no reasonable probability that the new evidence would have changed the outcome of the ALJ's decision. (*Id.* at 7, citing *Ripley*, 67 F.3d at 555). Therefore, the Commissioner requests that the Court affirm the ALJ's decision. (*Id.* at 8).

Evidence submitted for the first time to the AC is considered part of the record upon which the Commissioner's final decision is based. *See Higginbotham v. Barnhart (Higginbotham I)*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Call v. Barnhart*, No. Civ.A.SA04CA0695-XR, 2005 WL 1862625, at *3 (W.D. Tex. Aug. 4, 2005) (citation omitted). If new evidence is presented while the case is pending review by the AC, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *See Higginbotham v. Barnhart (Higginbotham II),* 163 F. App'x 279, 281 (5th Cir. 2006) (per curiam) (unpublished) (citations omitted); *see also Jones v. Astrue*, 228 F. App'x. 403, 406-07 (5th Cir. 2007) (per curiam) (unpublished) (warning against remanding cases based on new evidence presented to the AC without meaningful regard for the substantial evidence standard). Where new medical evidence

is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded so that the AC can fully evaluate the treating source statement. *See*, *e.g.*, *Brown v. Astrue*, Civ. A. No. 3:10-CV-00275-O-BK, 2010 WL 3895509, at *4-6 (N.D. Tex. Sept. 13, 2010), *report and recommendation adopted*, Civ. A. No. 3:10-CV-00275-O-BK, 2010 WL 3895507, at *1 (N.D. Tex. Oct. 1, 2010); *Lee v. Astrue*, Civ. A. No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010); *Stewart v. Astrue*, No. 7-07-CV-052-BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008). The evidence submitted to the Appeals Council must be both new and material to trigger a remand. *See Call*, 2005 WL 1862625, at *3 (citation omitted).

Evidence is material if: 1) it relates to the time period for which the disability benefits were denied; and 2) there is a reasonable probability that it would have changed the outcome of the disability determination. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003) (per curiam). Evidence of a later-acquired disability or a subsequent deterioration of a non-disabling condition is not material. *See Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). There is a reasonable probability that new evidence would have changed the outcome of the disability determination if it leads to legal error. *See id.* "When the [AC] makes a decision, it will follow the same rules for considering opinion evidence as [ALJs] follow." 20 C.F.R. § 404.1527(e)(3); *see also Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2001).

A review of the record evidence indicates that the AC properly considered the Physician Statement and, even considering the Physician Statement along with the remainder of the record evidence, substantial evidence supports the Commissioner's decision. Additionally, the Court finds that good cause existed for the ALJ to assign "minimal weight" to Dr. Habib's opinion. Consequently, the Court will affirm the Commissioner's decision.

The Court rejects Plaintiff's argument that the AC must provide an explanation of why the new evidence did not justify granting a review. (Pl.'s Br. 4-5, ECF No. 21). HALLEX states that "[i]f additional evidence is not new, material, or related to the period at issue, the analyst will prepare a denial notice and, as applicable, will . . . [e]xplain in the analysis if the evidence is not material or does not relate to the period at issue." HALLEX I-3-5-20, 1993 WL 643143 (Feb. 5, 2016). Further, if evidence is

> new, material, and relates to the period at issue, but fails to provide a basis for granting review under 20 CFR 404.970 and 416.1470, the analyst will . . . [i]nclude language in the denial notice specifically identifying the evidence . . . and explain how the evidence did not provide a basis for granting review under the "weight of the evidence" standard.

*Id*. (citations omitted). However, the requirement for a detailed discussion of the evidence, as stated in HALLEX, is not required. *See Sun v. Colvin*, 793 F.3d 502, 513 & n.8 (5th Cir. 2015) (collecting cases and explaining that the AC has adopted a Social Security Administration initiative suspending the requirement); *see also Higginbotham I*, 405 F.3d at 335 n.1 (explaining the temporary suspension of the detailed discussion of additional evidence requirement). Therefore, the Court finds that the AC was under no duty to provide a detailed explanation of the Physician Statement when declining to review the ALJ's decision.

The Court finds that the AC did not fail to properly consider the Physician Statement[3] because the new evidence is not material. As discussed above, in determining whether the evidence is material, the Court first looks to whether the evidence relates to the relevant time period for which benefits were denied. Here, the relevant time period began on the onset date of

---

[3] The Court notes that the parties do not contest whether the Physician Statement is new evidence, rather the only issue is whether the evidence is material. (*See* Pl.'s Br. 3-8, ECF No. 21; Def.'s Br. 4-8, ECF No. 23). The Court finds, however, that any such argument about whether the evidence is new would be rejected because the evidence was not part of the record before the ALJ and, furthermore, Plaintiff's visit with Dr. Habib and Dr. Habib's Physician Statement are dated after the ALJ's decision. (*See* R. 19; Ex. 1, ECF No. 21-1).

March 1, 2012, and ran through the date of the ALJ's decision, June 16, 2015. *See Bradley v. Bowen,* 809 F.2d 1054, 1058 (5th Cir. 1987) (per curiam); *see also* R. 19, 152, 158. Therefore, the Court must analyze whether the new evidence falls in that time period. Dr. Habib's Physician Statement and the report from Plaintiff's office visit are dated August 27, 2015. (Ex. 1, ECF No. 21-1). While this date falls outside of the required period, Plaintiff argues that the new evidence nevertheless meets the timing element of materiality as the evidence relates to issues which already existed during the alleged period of disability. (*See* Pl.'s Br. 5, ECF No. 21).

In support of his argument, Plaintiff relies on *Latham* and *Ripley* to demonstrate that developments regarding prior existing medical conditions can nonetheless meet the timing requirement. (*See id*. at 5, citing *Latham*, 36 F.3d at 483-84; *Ripley*, 67 F.3d at 555-56). Although the Fifth Circuit found in both of these cases that new evidence dated after the ALJ's decision related to the time period at issue, the Court finds these cases distinguishable from the present case. In *Latham*, the Fifth Circuit found that a disability determination made by the Department of Veterans Affairs related to the time period at issue even though it was dated after the ALJ's decision because it was based on hospital records and treatment from the relevant time period. 36 F.3d at 483-84. In *Ripley*, the Fifth Circuit found that the newly submitted medical evidence involved a surgery that revealed significant scar tissue from a previous back surgery that occurred during the time period at issue. 67 F.3d at 556. In comparison, the new evidence in this case is an opinion by Dr. Habib on Plaintiff's ability to work and a report from Plaintiff's visit with Dr. Habib to "fill out [Plaintiff's] forms" both dated August 27, 2015. (Ex. 1, ECF No. 21-1). The Court finds that the lack of a physical examination or details regarding the opinion that Dr. Habib set forth in the evidence does not allow the Court to conclude that the evidence

relates to the time period at issue. The Court finds, however, that even if the evidence related to the time period at issue, the new evidence would not have affected the outcome of the disability determination because, as discussed below, similar evidence already exists in the record which was analyzed by the ALJ in her decision.

Although Plaintiff argues that the newly submitted evidence would change the outcome of the disability determination, Plaintiff fails to point out to the Court that Dr. Habib's new Physician Statement is essentially the same as three prior Physician Statements that the ALJ accorded "minimal weight." (R. 18). Dr. Habib's Physician Statement, dated August 27, 2015, limits Plaintiff as follows: sitting and standing for two hours; pushing/pulling for one hour; walking and climbing stairs/ladders for thirty minutes or less; kneeling/squatting, bending/stooping, and keyboarding for fifteen minutes. (Ex. 1, ECF No. 21-1). A report from Plaintiff's August 27, 2015 office visit with Dr. Habib indicates that the reason for Plaintiff's visit was to "fill out sunmetro forms" and no physical examination was performed at this visit. (*Id.*) The statements before the ALJ, dated January 1, 2014, July 17, 2014, and February 20, 2015, contain the same limitations as the new evidence, except that the January 1, 2014, and July 17, 2014 Physician Statements limit pushing/pulling and lifting/carrying to fifteen minutes and keyboarding to an hour.[4] (*Compare* R. 306-07, 356, *with* Ex. 1, ECF No. 21-1). The Court finds that these statements provide, for the most part, the same restrictions analyzed in the ALJ's opinion. (R. 11-19). Therefore, the Court finds that the new evidence from Dr. Habib fails to meet the materiality requirement.

---

[4] The Court notes that in the January 6, 2014 Physician Statement, Dr. Habib corrected "hours per day" to "minutes per day" regarding plaintiff's ability to lift/carry. (R. 306). If this change was intended to be made on the subsequent Physician Statements, the court finds there would be no substantial difference between the records.

Furthermore, the Court also finds that the ALJ had good cause to reject Dr. Habib's opinion. The ALJ is free to assign "little or no weight" to the opinion of any physician for good cause. *Newton*, 209 F.3d at 455-56 (citations omitted). Good cause exists where statements are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or unsupported by the evidence." *Perez v. Barnhart*, 415 F3d 457, 466 (5th Cir. 2005) (emphasis omitted). Here, the ALJ determined that Dr. Habib's opinion should be assigned "minimal weight" because Dr. Habib's own examinations did not support his opinion as they were "essentially normal" without reports of pain. (R. 17-18). The Court finds that Dr. Habib's opinion was conclusory and that it was properly rejected by the ALJ for good cause. Accordingly, the Court finds that, even considering the new evidence with the entire record, the Commissioner's decision is supported by substantial evidence.

## IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 27th day of July, 2016.

_____
**ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE**